## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

QUINTINA DESCHENIE,
GLORIA JEAN TODACHEENE,
FANNIE L. ATCITTY, and
PATRICIA EMRICK,

        Plaintiffs,

vs.                               No. 03-1226 WJ/DJS

BOARD OF EDUCATION OF CENTRAL
CONSOLIDATED SCHOOL DIST. NO. 22,
RANDY J. MANNING, individually and in his
capacity as School Board President,
GARY D. RAY, individually and in his
capacity as School Board Vice President,
STANLEY R. KING, individually and in his
capacity as School Board Secretary,
LINDA BESETT, individually and in her
capacity as Superintendent of Schools,
JAY MORTENSEN, individually and in his
capacity as Assistant Superintendent of Schools, and
DENNIS NICHOLSON, individually and in his
capacity as Assistant Superintendent of Schools..

        Defendants.

### AMENDED COMPLAINT
### FOR INJUNCTIVE RELIEF AND DAMAGES
### FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS

Plaintiffs alleges as follows:

### Jurisdiction

1.      This is an action to enjoin Defendants from violating Plaintiffs' rights to freedom of speech, association and petition for redress of grievances, and for damages arising from past violations.

1

2. This action arises under 42 U.S.C. §1983. This Court has jurisdiction over this action under 28 U.S.C. §1343(3).

Parties

3. Defendant Board of Education is an elected body charged with governing Central Consolidated School District No. 22 (hereinafter "CCSD" or "District"), a New Mexico public school. Defendant is a local government entity, that can sue and be sued pursuant to NMSA 1978, §22-5-4(I).

4. Defendants Randy J. Manning, Gary D. Ray and Stanley R. King are, respectively, the President, Vice President and Secretary of the Defendant Board of Education.

5. Defendant Linda Besett is the Superintendent of Schools of Defendant CCSD.

6. Defendants Jay Mortensen and Dennis Nicholson are Assistant Superintendents of Schools of CCSD.

7. Plaintiff Quintina ("Tina") Deschenie was the director of bilingual education of CCSD.

8. Plaintiff Gloria Jean Todecheene is an assistant curriculum support administrator of CCSD, and was formerly principal of Mesa School.

9. Plaintiff Fannie L. Atcitty is a sixth grade teacher at Mesa School in Shiprock.

10. Plaintiff Patricia Emrick is the Director of Exceptional Programs at CCSD.

Facts Common to All Claims

11. Defendant Board of Education operates a school district located largely within the Navajo Indian Reservation, serving approximately 7,000 students, of which approximately 6,500 are Navajo.

12. Because of its location and its large percentage of Navajo students, CCSD receives funding specifically for Indian education, including federal Indian education grants, state bilingual education funding, and Navajo Nation awarded Johnson-O'Malley funding, and it receives impact aid for federally impacted school districts.

13. Grants and fund allocations received because of the Indian student population require tribal and Indian parent involvement and approval.

14. Because of the location and composition of the District, bilingual education, the quality of bilingual teaching staff, Native American cultural education, use of funds for Indian education programs and related issues are matters of public concern within the District and the communities it serves.

15. Like other public school districts, CCSD also receives state and/or federal funds for special education programs. Use of such funds is subject to restrictions imposed by the funding agencies.

16. Both bilingual education funds and special education funds carry restrictions to require such funds to be used for designated purposes and prevent them from being used to supplant other school district expenditures. The proper use of such funds, to serve designated needs and to comply with legal mandates, is a matter of public concern.

17. Defendants have taken various actions that have heightened public attention to and concern about these issues, including (1) demoting the highest ranking Navajo administrator in the District and replacing him with the brother of School Board President Manning, as business manager, (2) imposing spending ceilings on the bilingual education and special education programs, (3) questioning the value of bilingual education in public statements by Board President Manning, (4) bypassing the Indian Education Committee of parents in submitting funding applications, and (5) dissolving the Indian Education Committee, removing its members and establishing three groups with limited responsibility to replace it.

18. These and other actions by Defendants have generated responses from other entities, including (1) the United States Commission on Civil Rights issued a report that characterized CCSD as a "colonialized education system", (2) the State of New Mexico repeatedly rejected CCSD's current application for bilingual funding due to chronic inadequacies in its program, (3) the Navajo Nation rejected CCSD's creation of revised Indian education committees, and (4) the New Mexico Legislature Indian Affairs Committee held a meeting in Shiprock to address concerns that CCSD "is not meeting the needs of the Navajo students" and that it "has discriminated against employees because of their commitment to bilingual education."

19. Defendants have engaged in a policy and practice of discouraging or preventing speech by employees who are committed to bilingual and Indian education or who question the use of funds designated for bilingual or special education. Individuals who have spoken out about those issues have been reprimanded, reassigned, demoted,

assigned unreasonable tasks or deadlines, falsely accused of poor performance, discharged, and subject to public and private rebuke and criticism.

### Facts Related to Claims of Plaintiff Deschenie

20.     Plaintiff Tina Deschenie holds bachelors degrees in Education and Business Administration, and a masters degree in Education Administration.  She has served as an educator and administrator for over twenty-five years.  She was named the 2002-2003 Native American Educator of The Year by the New Mexico Association of Bilingual Education, and held a fellowship from the National Endowment of the Humanities to study Native American literature.

21.     Plaintiff Deschenie was assigned to work with the CCSD Indian Education Committee.  In that role, she discussed with the Committee its authorities and responsibilities over the District's Indian education program, and aspects where the bilingual program was not in compliance with funding requirements.  She assisted the Committee and its Chairman in making presentations to Defendant Board of Education, which included expressing dissatisfaction with the Board's bilingual education practices and with perceived discrimination against Navajos within the District.

22.     At a retreat in August 2002, Defendant Manning questioned the value and relevance of bilingual education.  Plaintiff Deschenie and others expressed disagreement with his view.

23.     Following this meeting Plaintiff Deschenie wrote a letter to Defendant Manning stating that the CCSD bilingual program did not meet standards, was under-funded and needed support staff and access to computerized databases, and that the bilingual teachers were not adequately supported by the CCSD administration.

24.     Plaintiff Deschenie also repeatedly brought up to Defendants the need for hiring more bilingual teachers and providing better pay for them. Plaintiff Deschenie arranged a meeting so that Navajo language teachers could raise their grievances with Defendant Besett.

25.     In October 2002, at an Indian Education Committee meeting, Defendant Manning repeated his criticisms of bilingual education. Plaintiff Deschenie took issue with some of his statements, defended the accountability of the program, expressed her concerns that the program was not meeting standards and was not adequately supported within the District, and spoke in favor of including Navajo language and culture in the curriculum.

26.     In December, 2002, Plaintiff Deschenie wrote a letter to the editor of the Farmington Daily Times to defend the bilingual program against charges that it was not accountable.

27.     Plaintiff Deschenie questioned CCSD's attorney about the rule the administration had implemented that administrative office employees were not allowed to speak Navajo in the office.

28.     Plaintiff Deschenie questioned the Defendant administrators about whether CCSD was required to apply the Navajo Preference in Employment Act in hiring for positions funded by the Johnson-O'Malley program, since the funding came through the Navajo Nation.

29.     In April 2003, Plaintiff Deschenie wrote a letter to the editor thanking the Daily Times for its coverage of an event she had hosted, the Navajo Knowledge Bowl.

30.     When the CCSD administration did not allow Navajo language instruction during the summer of 2003, Plaintiff Deschenie arranged for a Navajo language immersion camp and for the development of Navajo curriculum and language testing, so that Indian education funds would be used for relevant purposes.

31.     When the CCSD administration cut off payment for the teachers developing the Navajo language curriculum after seven days, and they completed the project without pay, Plaintiff Deschenie and others anonymously requested public donations for them.

32.     When the CCSD administration removed all bilingual Spanish students at Kirtland High School from the bilingual program, Plaintiff Deschenie objected and told Defendant Besett that the Spanish bilingual students needed to be included in the program.

33.     Defendants have retaliated against Plaintiff Deschenie for her speech in many ways.

34.     In response to the donation drive for teachers referred to in paragraph 28, Defendant Ray attempted to get the names of the sponsors of the donation drive from the Daily Times, and Defendant Besett conducted a surreptitious investigation to get their names.

35.     Defendant Besett reprimanded Plaintiff for her discussions with the Indian Education Committee regarding its authority and responsibilities, and told Plaintiff to get the Committee to stop criticizing the Board and herself.

36.     Defendant Besett assigned Plaintiff's immediate supervisor to attend IEC meetings and monitor Plaintiff's statements.

37. In response to Plaintiff's speaking to the IEC and elsewhere about use of Indian education funds, Defendant Besett falsely accused Plaintiff of mismanagement causing there to be unspent Indian education funds and delayed approval of funding applications. The unspent funds and the delays actually resulted from Defendant Besett not allowing funds to be spent on planned summer projects, not allowing support staff to work on the bilingual program, not allowing access to data, and removing Plaintiff from responsibility over certain of the federally funded programs.

38. When Plaintiff Deschenie raised the needs of bilingual teaching staff, Defendant Mortensen repeatedly criticized Plaintiff for bringing up the issue.

39. On May 15, 2003, at a Board work session, in the early morning hours, Defendants publicly rebuked Plaintiff for views she had expressed concerning bilingual and Indian education and for other statements she had made. The tone of this rebuke was extremely harsh. Plaintiff was yelled at and humiliated in a public meeting, in a heated, emotional and unprofessional attack.

40. In July 2003, Defendant Besett redid Plaintiff's performance evaluation, although no evaluation was scheduled, and put Plaintiff on a "growth plan." Defendants removed from Plaintiff Deschenie the Indian education portions of her position, limiting her responsibility to the bilingual program only.

41. Defendant Besett removed Plaintiff Deschenie from the administration of certain federally funded Indian education programs, causing suspension of program activities. Defendant Besett then allowed the spending of more than $100,000 in one week, before spending authority expired at the end of August 2003.

42. Defendant Besett ordered Plaintiff Deschenie to delay submission of the Johnson-O'Malley application in 2003, but then told the IEC that the delay was the fault of Plaintiff.

43. Defendants Besett, Mortensen and Nicholson falsely accused Plaintiff Deschenie of mismanagement of funds.

44. On August 19, 2003, Plaintiff Deschenie conducted a meeting of the bilingual teachers, attended by Defendants Mortensen and Nicholson.  The next day Defendant Besett called Plaintiff in for an "evaluation" and accused Plaintiff of making "false statements" to the teachers.  Defendant Besett threatened Plaintiff with termination if she made any further statements Defendants considered false.

45. In September and October 2003, Defendant Besett assigned Plaintiff Deschenie a volume of work that Plaintiff could not complete.  Tasks required for this work included copying thousands of pages of material and distributing it to other employees, culling through hundreds of students files at several different schools to compile information from past years, etc.

46. On November 12, 2003, Defendant Besett gave notice to Plaintiff Deschenie that CCSD intended to terminate her employment for alleged unsatisfactory performance and insubordination.  The termination of Plaintiff was in retaliation for her having spoken out in favor of Indian and bilingual education and for her having filed this lawsuit.

9

### Facts Related to Plaintiff Atcitty

47. Plaintiff Fannie L. Atcitty has been a certified teacher for 26 years. She has received numerous recognitions, including being a New Mexico Golden Apple Award recipient. She is also active in New Mexico and Navajo Nation politics.

48. Plaintiff Atcitty has spoken before the Defendant Board of Education at its meetings on numerous occasions, generally on behalf of Indian and bilingual education and the needs of Indian and other staff employees of the District. Plaintiff Atcitty has spoken to the Board concerning the "English-only" policy for administrative staff and concerning the need for greater harmony between the administration and community members regarding bilingual education.

49. On January 15, 2002, Plaintiff Atcitty took personal leave to attend and participate in the inauguration of Navajo Nation President Joe Shirley, on whose campaign she had worked.

50. Defendant Mortensen reprimanded and rebuked Plaintiff Atcitty for attending the inauguration.

51. As punishment for attending the inauguration, and in retaliation for past speech on issues of public concern, Plaintiff Atcitty was docked pay of $277.00, and Defendant Mortensen prohibited Plaintiff Atcitty from serving on any boards or committees, whether those of CCSD, the State, San Juan County or the Navajo Nation, and including the Baldridge Student Quality Success program and the New Mexico Department of Education's Professional Standards Commission.

Facts Related to Plaintiff Todacheene

52.     Plaintiff Gloria Jean Todacheene is a certified teacher with many years experience as a teacher and administrator.  She served as principal of Mesa School in Shiprock, and is currently a curriculum support director with the District.  She is a Milken Family Foundation Award recipient, a Fred Rogers' Heroes award recipient, and was featured in the documentary film "Rocks With Wings—The Lady Chieftains".

53.     Plaintiff Todacheene attended the administrative retreat in August 2002, at which Defendant Manning questioned the value and relevance of bilingual education.  Plaintiff Todacheene expressed disagreement with his view.  At that time she was principal of Mesa School in Shiprock.

54.     Ten days after that retreat, Defendant Mortensen informed Plaintiff Todacheene that the Defendant Board was displeased with her.  He stated that Defendants were considering reassigning Plaintiff to be an assistant principal at Newcomb.

55.     Plaintiff Todacheene pointed out that the school year was about to begin, and that it would be disruptive to both schools for her to be reassigned at that time.  Defendant Mortensen said that the District administration would "think about it".

56.     A few weeks after the retreat, Defendant Besett called Plaintiff Todacheene in and reprimanded her for her statements to Defendant Manning defending bilingual education.

57.     Defendants did not follow through with the threatened reassignment in the Fall of 2002.  However, Plaintiff Todacheene was thereafter prohibited from taking professional leave to speak at Navajo Nation and State of New Mexico educational meetings, and she was not rehired as principal for the 2003-2004 school year.  Plaintiff

Todacheene was moved from her position as principal to an administrative position which did not exist previously.

58.     Shortly after Defendants became aware of this lawsuit, Plaintiff Todacheene was, without justification, given a less than satisfactory evaluation, placed on a "growth plan", and warned that disciplinary action including termination may follow.

59.     The action of putting Plaintiff Todacheene on a growth plan was taken in retaliation for her having spoken out in favor of Indian and bilingual education and for her having filed this lawsuit.

### Facts Related to Plaintiff Emrick

60.     Plaintiff Patricia Emrick holds a masters degree in special education and completed a post-masters program in special education administration. She has been a teacher and an administrator of special education since 1962, including 17 years as special education director in another district. She is a member of the Oglala Sioux Indian Tribe.

61.     In the Spring of 2002, CCSD Business Manager Byron Manning informed Plaintiff Emrick and Plaintiff Deschenie that the CCSD administration was imposing a limit on the amount that could be spent on special education and bilingual education programs.

62.     Plaintiff Emirck expressed concern to Business Manager Manning and to the Assistant Director of Special Education of the New Mexico Department of Education that the CCSD administration was diverting money from bilingual and special education program funds to other purposes, and that doing so would violate the prohibition on using such funds to supplant, rather than supplement, other district funds. The Business

Manager met with Superintendent Besett, and then informed Plaintiff Emrick that the CCSD administration was going to divert the funds to other purposes "anyway".

63.     Whether program funds designated for particular purposes are being improperly used to supplant other funds has continued to be an issue, including during the current school year.

64.     On October 23, 2003, Plaintiff Emrick attended a public meeting conducted by the Indian Affairs Committee of the New Mexico State Legislature. The meeting was held because of concerns the Committee had heard about CCSD.

65.     Plaintiff Emrick was perceived by the CCSD administration as a critic of the administration because of her expressed concern about non-supplanting and because of her attendance at the Indian Affairs Committee meeting.

66.     On November 5, 2003, Defendant Assistant Superintendent Nicholson on two occasions left a meeting on the pretext that Plaintiff Emrick had offended him. In fact, Plaintiff Emrick had simply been participating in discussion in the meetings, and had not said anything personally offensive.

67.     On November 13, 2003, Plaintiff Emrick went to a work session of the Defendant Board of Education to air her concerns about the use of designated funds to supplant other funds.

68.     On November 17, 2003, Plaintiff Emrick was put on a "growth plan" and threatened with further disciplinary action including termination.

69.     Plaintiff Emrick was put on a growth plan in retaliation for her attendance at the Indian Affairs Committee meeting and her speech regarding non-supplanting requirements, including at the Board work session.

Damages

70.     Plaintiffs have been prevented from exercise of their First Amendment rights by being prevented from participating in professional activities and events, where Defendants feared they might voice opinions about bilingual and Indian education issues, exceptional programs funding, or about CCSD's noncompliance with program requirements or use of program funds.

71.     Each of the Plaintiffs has suffered fear, intimidation and emotional distress from the actions of Defendants that were taken in retaliation for their speech.

72.     Plaintiffs will suffer irreparable harm if they are further prevented or interfered with in the rights of speak about public issues and participate in organizations and in public events and activities.

73.     Plaintiff Deschenie has incurred loss of income and other damages as a result of the termination of her employment by Defendants.

Claims for Relief – First Amendment Violations

74.     Defendants took actions to prevent Plaintiffs from speaking on matters of public concern.

75.     Defendants took action to prevent Plaintiffs from participating in public and professional events and activities.

76.     Defendants retaliated against Plaintiffs for speaking on matters of public concern.

77.     In doing so, Defendants violated the First Amendment to the United States Constitution by denying Plaintiffs' rights to freedom of speech, freedom of association and right to petition for redress of grievances.

78. Defendants retaliated against Plaintiffs for filing a lawsuit for redress of grievances dealing with a matter of public concern, in violation of the First and Fifth Amendments.

79. Plaintiffs are entitled to a judgment declaring that their rights were violated, pursuant to 28 U.S.C. §2201.

80. Defendants are liable to Plaintiffs for damages pursuant to 42 U.S.C. §1983.

Claim for Relief - Due Process Violation

81. In the course of events outlined above beginning with the May 15, 2003 Board meeting and continuing through her demotion, Plaintiff Tina Deschenie was accused of misconduct and inadequate performance of duties and demoted without notice or an adequate hearing.

82. These actions stigmatized Plaintiff Deschenie by causing false representations to be made to the public and her coworkers, in violation of her right to due process of law guaranteed by the Fourteenth Amendment to the U.S. Constitution.

83. Defendants are liable to Plaintiff Deschenie for damages pursuant to 42 U.S.C. §1983.

Local Government Entity Liability

84. The actions of Defendants alleged herein were taken pursuant to the custom and policy of Defendant Board of Education, a local governmental entity. Any actions taken by fewer than all of the Defendants were taken pursuant to an unwritten policy or custom of the Board, or in consultation or joint action with Board members, or were ratified by the Board.

<u>Request for Relief</u>

WHEREFORE, Plaintiffs request that this Court enter orders restraining and enjoining Defendants from interfering with Plaintiffs' rights and declaring that Defendants have violated Plaintiffs' rights, and award damages for such violations, and such other and further relief as may be deemed appropriate.

Respectfully submitted,

_____
Earl Mettler
METTLER & LECUYER, P.C.
4308 Carlisle, NE, Suite 210
Albuquerque, NM  87107
(505) 884-0078
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was served by first class mail upon opposing counsel of record this 22nd day of December, 2003.

_____
Earl Mettler