IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QUINTINA DESCHENIE,
GLORIA JEAN TODACHEENE,
FANNIE L. ATCITTY, and
PATRICIA EMRICK,

        Plaintiffs,

v.                                                                                                                      Civil No. 03-1226 WJ/DJS

BOARD OF EDUCATION OF CENTRAL
CONSOLIDATED SCHOOL DIST. NO. 22,
RANDY J. MANNING, individually and in his
capacity as School Board President,
GARY D. RAY, individually and in his
capacity as School Board Vice President,
STANLEY R. KING, individually and in his
capacity as School Board Secretary,
LINDA BESETT, individually and in her
capacity as Superintendent of Schools,
JAY MORTENSEN, individually and in his
capacity as Assistant Superintendent of Schools, and
DENNIS NICHOLSON, individually and in his
capacity as Assistant Superintendent of Schools,

        Defendants.

### MEMORANDUM OPINION AND ORDER ALLOWING AMENDMENT BY COUNTERCLAIM

THIS MATTER comes before the Court upon Defendant Besett's Motion for Leave to File Counterclaim and Third-Party Complaint for Libel, filed May 25, 2004 **(Doc. 27)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and will be granted. Given my ruling on this motion, there is no need for Defendant to file a reply.

**Background**

Plaintiffs in this civil rights case are present and former employees at Central Consolidated School District ("CCSD"), which is located largely within the Navajo Indian Reservation. Plaintiffs' First Amendment retaliations claims can be encapsulated into allegations that Defendants retaliated against them because of their speech concerning Defendants' lack of commitment to the Navajo bilingual program and CCSD's noncompliance with program requirements or use of program funds.[1]

The proposed counterclaim alleges that Plaintiff Deschenie gave false information to Harry Descheenie, an Indian Education Committee member who in turn provided that information for publication in the Farmington Daily Times on October 22, 2003.[2] Defendant Besett describes the allegedly false information as alleging that she deceived and forced the Indian Education Committee to accept an administrative decision and to accept Bylaws contrary to the Code of Federal Regulations, and that Tina Deschenie was removed as director of the Indian Education Committee without consultation. Defendant contends that the published comments injured her in her role as the Superintendent of CCSD, and injured her reputation in New Mexico's education community. Besett states that at the time Plaintiff filed the Amended Complaint, she was unaware that Harry Descheenie's statements had been published in the Farmington newspaper.[3]

---

[1] Plaintiff Deschenie's Fourteenth Amendment claims were dismissed by this Court's Memorandum, Opinion and Order of May 25, 2004 (Doc. 31).

[2] Harry Descheenie (spelling differs slightly from the spelling of Plaintiff's last name) is no relation to Plaintiff Deschenie. Plaintiff Deschenie is the only one of the presently named Plaintiff to be included in the counterclaim.

[3] Plaintiff has filed copies of the offending articles as a separate pleading. Doc. 38. The Court's review of those materials is limited to ascertaining whether Defendant should be allowed

**Discussion**

Federal Rule of Civil Procedure 13(a) provides, in pertinent part: A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.  However, upon the court's discretion, Rule 13(f) allows a party to assert a counterclaim by amendment if that party fails to set up a counterclaim "through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f); Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518 (10th Cir. 1990) (amendment of answer to assert counterclaim is within discretion of district court).  Courts generally allow counterclaim amendments where later filing does not unfairly prejudice a party. See, e.g., Fields v. Atchison, Topeka and Santa Fe Railway Co., 167 F.R.D. 462 (D.Kan. 1996).  Relevant factors which are considered include: the type of counterclaim, prejudice to the opposing party, and delay of the trial for additional discovery.

Plaintiff objects to Defendant's characterization of the counterclaim as compulsory.  A finding that a counterclaim is compulsory -- and thus lost forever if not asserted -- would quickly tip the scales in favor of allowing the counterclaim.  See, Budd Co. v. Travelers Indem. Co., 820 F.2d 787, 792 n.3 (6th Cir. 1987). A counterclaim is compulsory if (1) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; (2) res judicata would bar a subsequent suit on the defendant's claim; (3) the same evidence supports or refutes the principal claim and the counterclaim; and (4) there is a logical relationship between the claim and

---

to assert the counterclaim, and does not extend to any consideration of the counterclaim on the merits.

counterclaim. In <u>FDIC v. Hulsey</u>, 22 F.3d 1472, 1487 (10th Cir.1994); <u>Driver Music Co., Inc. v. Commercial Union Ins. Companies</u>, 94 F.3d 1428 (10th Cir. 1996).

It is easy to see that there is a logical relationship between the claim and proposed counterclaim here, since Plaintiff is alleging retaliation for expressing certain speech which Defendant claims has defamed her.  However, I need not complete the inquiry to determine whether the counterclaim is compulsory.  Permissive counterclaims are also allowed under Rule 13(f), even where oversight, inadvertence, or excusable neglect does not exist, as long as the interest of justice would recommend the addition of the counterclaim.  <u>See</u>, <u>Woodward v. DiPalermo</u>, 98 F.R.D. 621 (D.C.D.C.1983) (courts should be very liberal in allowing amendments to include compulsory counterclaims, and even permissive counterclaims, where no prejudice would result) (citing 3 Moore's Federal Practice, ¶ 13.33, at 13-846 (2d ed. 1980)); <u>Fields</u>,167 F.R.D. at 463 (granting assertion of counterclaim based on alternative basis for Rule 13(f) amendment, "when justice requires" even where there is no oversight, inadvertence, or excusable neglect).

Plaintiff has failed to show that she would suffer prejudice as a result of allowing Defendant to assert a counterclaim for libel.  The trial date is almost a year away, and discovery has gotten underway only recently, with the discovery deadline set for October 4, 2004.  <u>See</u> Doc. 21.  Thus, Plaintiff will not be burdened with a need to conduct additional discovery or to request extensions of deadlines because of the added counterclaim.  Given that this lawsuit originates with comments and opinions made by Plaintiff herself against the Defendant, Plaintiff can hardly be said to be caught by surprise at Defendant's responsive counterclaim.  If there is any prejudice to consider here, it would be prejudice to the Defendant.  Defendant would be forced to delay the

exercise of her right to clear herself of accusations she contends are defamatory -- the very accusations which Plaintiff contends she had the right to make while cloaked in the protection of the First Amendment (at least at this stage of litigation).  This seems to be a perfect illustration of the courtroom door swinging both ways.

Finally, granting Defendant's motion is simply a more efficient way of handling the matter.  Judicial efficiency will not be measurably hampered by having to address the counterclaim, since many of the same witnesses and much of the same evidence will be common to both Plaintiff's claim and Defendant's counterclaim.  Allowing the counterclaim would also seem to be more efficient for the present parties, since they will have to tackle the defamation claim either here or at another time (and probably in another court).[4]

In sum, and for the above reasons, Defendants' Motion for Leave to File Counterclaim and Third-Party Complaint for Libel **(Doc. 27)** is GRANTED.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Federal courts may exercise jurisdiction over state claims that are pending in an action with a federal claim when that federal claim has substance "sufficient to confer subject matter jurisdiction on the court." Sullivan v. Scoular Grain Co. of Utah, 930 F.2d 798, 803 (10th Cir.1991).  Plaintiff's First Amendment claim sufficiently meets that requirement.  Defendant also intends to file a Third-Party Complaint against Farmington Daily Times and Harry Descheenie.  Mot. at 2.  Plaintiff's options are to deal with these additional individuals later in a separate lawsuit, or as part of this litigation.  I can see no reason why Plaintiff would be prejudiced in having to deal with them now.